798 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eugene DENNY, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, and Attorney General, State of
Kentucky, Respondents-Appellees.
 No. 85-6013.
 United States Court of Appeals, Sixth Circuit.
 July 23, 1986.
 
 Before KENNEDY and MILBURN, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from the District Court's denial of a petition for writ of habeas corpus. Petitioner-Appellant, Eugene Denny, was convicted of raping his eight-year-old daughter.[1] His two claims of error on appeal to this court stem from the Kentucky trial court's decision to admit into evidence inculpatory statements appellant allegedly made to a sheriff. Appellant contends that the statements were obtained in violation of his sixth amendment right to counsel and his fifth amendment right not to incriminate himself. We agree with appellant that his sixth amendment rights were violated, and accordingly we order that the writ issue.
 
 I.
 
 2
 Appellant does not dispute the factual findings of the Supreme Court of Kentucky. Appellant was arrested on March 22, 1982, pursuant to a warrant that issued after his daughter claimed he had forced her to have sex with him the previous day. When appellant was arrested, he was read his Miranda rights. He did not invoke the rights to remain silent or to have an attorney present during questioning, and when sheriff Sims questioned him about the alleged rape he insisted that he was not guilty.
 
 
 3
 The following day, March 23, 1982, appellant was taken before a state district judge for the purpose of fixing bond and setting a preliminary hearing date. The city attorney read appellant his Miranda rights once again, and again appellant failed to invoke any of them. The state, in its brief, agrees that one purpose of the appearance before the Kentucky district court judge was to set bond, and notes that bond was set. The state also notes that the court accepted a "not guilty" plea from appellant, but the portion of the record the state cites to for that proposition--sheriff Sims' testimony at trial-reveals that the district court explained the charges to appellant but did not accept a plea because the crimes charged were beyond its jurisdiction. The Supreme Court of Kentucky also found that the district court scheduled a preliminary hearing for March 26,1982, and appointed counsel "to represent appellant in further proceedings." (Supreme Court of Kentucky, slip op. at 2).
 
 
 4
 At the conclusion of the March 23 hearing, sheriff Sims and two other officers escorted appellant back to the jail. On the way, sheriff Sims said to appellant: "I feel like you have something else you want to tell me." According to Sims, appellant then turned to him and said, "I do, I did it, I raped her," and then held himself and added, "I feel terrible inside." Appellant then broke into tears and, in the words of Sims, "got real emotional." Appellant claims the trial court erred in allowing Sims to testify that appellant had made such a confession.
 
 II.
 
 5
 The first asserted ground for suppressing Sims testimony is the sixth amendment right to counsel. The Supreme Court of Kentucky began its consideration of that issue with a discussion of when the sixth amendment right to counsel attaches. After noting that it is not clear when such a right attaches, the court assumed (without deciding) that the right had attached in this case and concluded that the "comments of the sheriff constituted neither an interrogation of the appellant nor a ruse designed to elicit information from him in violation of his constitutional right to have the assistance of counsel in his defense." (Supreme Court of Kentucky, slip op. at 5)[2]
 
 
 6
 Appellant argues that the Supreme Court of Kentucky erred in its conclusion that sheriff Sims' statement "I feel like you have something else you want to tell me"-was neither interrogation nor a deliberate elicitation of incriminating information. Appellees counter that the state court's findings are entitled to a presumption of ' correctness, and that none of the special grounds for overcoming that presumption are present in this case. See 28 U.S.C. Sec. 2254(d).
 
 
 7
 The Supreme Court has recently emphasized that once the sixth amendment guarantee of the assistance of counsel attaches, the accused is entitled to counsel's presence at "critical stages" in the proceedings, including those stages where the government attempts to elicit information from the accused. Michigan v. Jackson, 106 S. Ct. 1404, 1407-08 (1986). The Court has held that this protection extends to cases where the authorities place an informant in a cell with the accused, and where they must have known that the informant would take affirmative steps to secure incriminating information. United States v. Henr, 447 U.S. 264, 270-71 (1980); Maine v. Moulton, 106 S. Ct. 477, 487 n.12 (1985). "By intentionally creating a situation likely to induce [the accused] to make incriminating statements without the assistance of counsel, the Government violated [the accused's] Sixth Amendment right to counsel." Henry, 447 U.S. at 274 (footnote omitted). Thus, we must determine whether, in this case, the sheriff "took some action, beyond mere listening, that was designed deliberately to elicit incriminating remarks." Kuhlmann v. Wilson 54 U.S.L. W. 4809, 4815 (U.S. June 28, 1986).
 
 
 8
 Upon examining the facts found by the Supreme Court of Kentucky, we are left with the inescapable conclusion that sheriff Sims deliberately elicited incriminating statements from appellant. Although sheriff Sims did not ask appellant a question, his statement clearly invited a response.[3] The only way sheriff Sims could plausibly argue that he did not deliberately elicit incriminating information would be to suggest that he did not desire or expect appellant's response to relate to the criminal charges against appellant. There is no suggestion in the record or by appellees that sheriff Sims could have expected or did expect any other kind of response. Sheriff Sims said he felt there was "something else" appellant wanted to tell him. The words he chose imply that the sheriff thought appellant wanted to add to what he had already said either to the sheriff or in the sheriff's presence. The sheriff testified as follows when appellant's counsel asked him to explain his statement.
 
 
 9
 Q47: So really the purpose for which you went up the steps with Mr. Denny was not to place him back in the jail but was to further question him, wasn't it?
 
 
 10
 A: No sir.
 
 
 11
 Q48: Why did you even ask him a question at that time?
 
 
 12
 A: I had told him the day before if he had anything further that he wanted to tell me that I would be glad to talk to him. So I told him just what I said.
 
 
 13
 Q49: He didn't request you from the jail. You asked the questions though, didn't you9.
 
 
 14
 A: I said just what I said, yes sir.
 
 
 15
 Q50: And he did not make the initial advance to you either, did he?
 
 
 16
 A. No sir.
 
 
 17
 (Trial transcript at 42-43; Jt. App. at 70-71). By sheriff Sims' own admission, his statement was directly related to the previous day's unsuccessful interrogation about the crime.[4]
 
 
 18
 The record clearly reveals that sheriff Sims deliberately elicited the incriminating responses that he eventually testified about at trial. Appellees' invocation of the presumption of correctness of state court findings, see 28 U.S.C. Sec. 2254(d), is of no avail in this case. The Supreme Court of Kentucky made no factual findings that conflict with our conclusion. On the questions whether sheriff Sims intended to elicit incriminating responses, and whether his statement was likely to elicit incriminating responses, the state court made no findings. Instead, the court merely stated its legal conclusion that the statement was neither interrogation nor deliberate elicitation. Those conclusions we not entitled to deference. Thus, we conclude, as a matter of law, that sheriff Sims deliberately elicited incriminating information from appellant in violation of appellant's sixth amendment right to assistance of counsel.
 
 III.
 
 19
 In light of our holding that appellant is entitled to relief on his sixth amendment claim, we need not consider his fifth amendment claim.
 
 
 20
 The judgment of the District Court is reversed, and this matter is remanded to that court with instructions to grant the petition for writ of habeas corpus.
 
 
 
 [1]
 He was also convicted of incest, but the Supreme Court of Kentucky reversed that conviction on state law grounds. The incest conviction, therefore, is not at issue in this petition
 
 
 [2]
 The state does not take issue with the Supreme Court of Kentucky's assumption that appellant's right to counsel had attached at the appearance before the state district court judge. In light of the above-mentioned facts and appellees' apparent concession, we do not question that assumption. Additionally, we need not decide whether appellant waived his sixth amendment rights. Once it is established that the right to counsel has attached, the state has the burden of proving a valid waiver. Michigan v. Jackson, 106 S. Ct. 1404, 1409 (1986). Appellees' brief indicates that the the issue of waiver in state court or in the District Court, and they only chose to address the issue on appeal because appellant discussed waiver in his brief
 
 
 [3]
 The Supreme Court has made clear that deliberate elicitation includes more than questioning or interrogation in the traditional manner. See Rhode Island v. Innis, 446 U.S. 291, 300 n.4 (1980); Brewer v. Willams 430 U.S. 387, 399, reh'g denied, 431 U.S. 925 (1977)
 
 
 [4]
 This might be a different case if appellees could show that sheriff Sims intended to, or was likely to, have elicited a response on some subject matter other than the charges against appellant. Neither the record nor appellees' counsel suggest what facts in this case might permit us to reach such a conclusion